[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10095

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC PAUL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00162-VMC-TGW-1

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges:

PER CURIAM:

Eric Jones, after pleading guilty to production and possession of child pornography, was sentenced to 365 months' imprisonment, followed by a lifetime of supervised release. He now appeals his sentence, despite having signed a plea agreement that contained an appeal waiver. The government moved to dismiss the appeal based upon the appeal waiver and—because the appeal waiver is enforceable, and Jones's claims are not the types that we have previously allowed to proceed despite an appeal waiver—we grant the government's motion to dismiss Jones's appeal.

## I.    Background

In May 2021, a federal grand jury returned an indictment charging Jones with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count One), one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count Two), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count Three). Jones entered into a plea agreement with the government, under which Jones would plead guilty to Counts One and Three of the indictment and the government would move to

dismiss Count Two.[1]   The agreement contained the following waiver:

> The defendant . . . expressly waives the right to appeal defendant's sentence on any ground, including the ground that the [sentencing c]ourt erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the [sentencing c]ourt pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Both Jones and the government signed the agreement and, by signing, Jones certified that he and his counsel had read the agreement in its entirety (or that it had been read to Jones) and that Jones fully understood the terms of the agreement.  Jones also

---

[1] According to the agreement, Count One carried a mandatory minimum term of imprisonment of 15 years up to 30 years, a maximum fine of $250,000, at least a 5-year term of supervised release, and a special assessment of $100; and Count Three carried a maximum sentence of 20 years' imprisonment, a $250,000 fine, at least 5 years of supervised release, and a $100 special assessment.

initialed each page of the agreement to indicate that he understood its operative terms.

At the change of plea hearing, Jones confirmed to the magistrate judge that he had signed, initialed, and understood the plea agreement, denied that he had any questions about the agreement, and confirmed that the factual basis underlying his offenses as set forth in the plea agreement was correct. The magistrate judge then explained the plea agreement's appeal waiver, as well as exceptions to the waiver, and Jones confirmed that he understood the waiver and that he had freely and voluntarily agreed to it. After finding that Jones was competent and capable of entering an informed plea, the magistrate judge adjudicated Jones guilty and entered a report and recommendation recommending that the district court accept Jones's plea. The district court later did so.

Prior to sentencing, the government moved for a three-level reduction in Jones's total offense level for substantial assistance to law enforcement pursuant to U.S.S.G. § 5K1.1. Before hearing argument on the motion at the sentencing hearing, the district court stated that Jones's offenses were "some of the most serious" it had overseen and took the offenses "very seriously." The district court ultimately granted the government's motion and decreased Jones's offense level by three.[2]

---

[2] The district court determined that, based on an offense level of 43 and a criminal history category of I, Jones's advisory guideline range was 600 months' imprisonment. After the district court granted the government's

The district court then stated that it believed cases such as Jones's were "horrific," and doubted whether "certain people [could] change when it comes to these offenses." The district court went on, stating that it had "imposed very significant sentences in these crimes" in the past, being concerned "not just [about] punishment," but having the "prevailing concern [about] protecting the public." "What it [came] down to" for the district court is that "they don't change." Finally, the district court announced Jones's sentence and informed Jones that his cooperation with the government had spared him from a life sentence, emphasizing that it had imposed a life sentence on "virtually everybody" who had previously appeared before the district court after committing similar crimes.

Jones now appeals the judgment and sentence, and the government moves to dismiss the appeal pursuant to the appeal waiver in the plea agreement. Jones argues that the appeal waiver should not be enforced because, while he waived his right to appeal his sentence on legal grounds, he did not knowingly and voluntarily waive his right to appeal where the district court utilized unconstitutional and biased reasoning. Specifically, Jones points to the district court's statements that "they," *i.e.*, individuals who produce and possess child pornography, "don't change," and argues that the district court improperly imputed its own biases onto him. Jones also argues that the district court committed a substantive

motion for a reduction of the base offense level, Jones's guideline range was reduced to 292 to 365 months' imprisonment.

error by giving significant weight to an improper factor in imposing his sentence, namely its generalized assumption that criminals like Jones "don't change."

The government has moved to dismiss Jones's appeal on the grounds that the district court did not violate Jones's due process rights, that Jones knowingly and voluntarily waived his right to appeal, and that the exceptions to the appeal waiver do not apply to Jones's case.

## II.    Discussion

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.*

Our "touchstone for assessing" whether a defendant entered a waiver knowingly and voluntarily is whether the district court "clearly convey[ed] to [the defendant] that he was giving up his right to appeal under *most* circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (alterations and emphasis in original); *see also United States v. Weaver*, 275 F.3d 1320, 1323–24, 1333 (11th Cir. 2001) (holding that an appeal waiver was valid where it was "referenced" at the plea hearing and where the district

23-10095               Opinion of the Court                    7

court established that the defendant had read and understood "every page and every word" of the plea agreement).

An appeal waiver may waive "the right to appeal difficult or debatable legal issues or even blatant error." *Boyd*, 975 F.3d at 1191 n.5 (quoting *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005)).  Consequently, a defendant may waive his right to appeal constitutional and non-constitutional issues by executing a valid sentence appeal waiver.  *See United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).  However, a sentence appeal waiver "is not an absolute bar to appellate review;" despite a valid appeal waiver, review may be available when the defendant was "sentenced entirely at the whim of the district court," above the statutory maximum, or based on a constitutionally impermissible factor, such as race.  *Johnson*, 541 F.3d at 1068 (quotation omitted). We have also noted that extreme circumstances, "for instance, if the district court had sentenced [the defendant] to a public flogging," may implicate due process and require that the defendant be allowed to appeal despite agreeing to a valid appeal waiver.  *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999).

Here, the government's motion to dismiss Jones's appeal is due to be granted.  Jones initialed each page of the plea agreement and signed it at the end, certifying that he had read every page of the agreement and understood the terms contained therein. During the plea colloquy, the magistrate judge clearly explained the appeal waiver and confirmed that Jones understood it, had

signed and initialed it, and did not have any questions about it. The magistrate judge then found that Jones fully understood the appeal waiver and thus knowingly and voluntarily waived his right to appeal as provided in the plea agreement. The appeal waiver is therefore valid and enforceable against Jones. *Bushert*, 997 F.2d at 1351.

Jones's appeal does not fall within any of the exceptions contained in the waiver: (1) his sentence was within his guideline range, as the district court calculated at sentencing; (2) his sentence did not exceed the statutory maximum; and (3) the government did not appeal. As for Jones's argument that the district court relied on unconstitutional reasoning in imposing his sentence, there is no indication that Jones was "subjected to the unfettered whim of the district court, or punished on the basis of a constitutionally impermissible factor such as race." *Johnson*, 541 F.3d at 1068–69. The sort of constitutional error Jones challenges here falls within the sorts of claims defendants may negotiate away during the course of plea negotiations and, accordingly, an appeal waiver to which the parties agreed can bar such an appeal. *See Bascomb*, 451 F.3d at 1297. Jones's second argument fails for the same reason—his claim that the district court gave an improper factor significant weight in imposing his sentence falls outside the scope of the waiver's exceptions and does not amount an extreme circumstance implicating due process. *Johnson*, 541 F.3d at 1068; *Howle*, 166 F.3d at 1169 n.5.

### III.  Conclusion

The appeal waiver contained in Jones's plea agreement is valid and enforceable and Jones's claims do not fall within the waiver's exceptions, nor do they constitute the type of issues that we have permitted to proceed despite the presence of a valid appeal waiver.  We therefore grant the government's motion to dismiss.

**THE GOVERNMENT'S MOTION IS GRANTED AND THE APPEAL IS DISMISSED.**